IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | |
| | * | |
| PAULINE MEDIKO BADIKI, | * | 01:17-CR-342-ELR-AJB |
| FERDINAND MEDIKO, and | * | |
| MONICA MEDIKO | * | |
| | * | |

# ORDER

This matter is before the Court for consideration of Magistrate Judge Alan J. Baverman's Report and Recommendation ("R&R") [Doc. 49]. Importantly, Judge Baverman recommends that the motion to suppress statements [Doc. 32]; motion to suppress evidence [Doc. 34]; and motion to suppress emails [Doc. 38] be denied. Additionally, Magistrate Judge Baverman recommends that the motion for severance [Doc. 31] be denied in part and deferred in part and declares the case is Ready for Trial. In the time period allotted for the parties to object to the R&R, Defendants, by and through counsel, filed objections [Docs. 53 and 54] to the R&R. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendants' objections.

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.). If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendants object and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

2

**Discussion**

Defendants' objections focus primarily on Magistrate Judge Baverman's finding that the Leon[1] good faith exception applies to the search warrant used by investigators to seize evidence from Defendants' Yahoo! email accounts. As a starting point, Defendants acknowledge they did not discuss Leon in their briefing, but attribute that to the Government's failure to address the same. The Government, as Defendants point out, did not respond at all to Defendants' Motion to Suppress. That the Government did not argue Leon, however, does not preclude the Magistrate Judge from considering its application. Contrary to Defendants' position that in this case, officers had no reasonable grounds for believing the warrant was properly issued because the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence [Doc. 53 at 3], the Magistrate Judge found otherwise [Doc. 49 at 50]. The undersigned agrees with the Magistrate Judge's analysis and findings here. This Court therefore rejects Defendants' argument that this was a "bare bones" affidavit, and adopts the Magistrate Judge's finding that the warrant does establish a sufficient nexus between the email accounts and the federal crimes under investigation. In addressing Defendants' reliance on United States v. Blake, 868 F.3d 960, 974 (11th Cir. 2017), to argue that the warrant is overly broad, the Magistrate Judge

---

[1] United States v. Leon, 468 U.S. 897 (1984).

3

acknowledges that the warrant in this case had no temporal limitation and allowed the Government to obtain all records from the email accounts [Doc. 49 at 52]. However, as the Magistrate Judge correctly reasons, the warrant did limit the Government to seizing records that evidenced the crimes under investigation [Id. and Doc. 38-1 (Search Warrant), Section II, specifying information, "that constitutes fruits, evidence, and instrumentalities of violations of 42 U.S.C. § 1760 (fraud in connection with food entitlement programs)…"].

In addition to Defendants' objections to the Magistrate Judge's R&R relating to the seized emails, Defendant Monica Mediko, objects [Doc. 54] to the Magistrate Judge's recommendation to deny her motion to suppress statements [Doc. 32]. After carefully weighing several factors, the Magistrate Judge reasoned that Monica Mediko was not in custody and made her statements voluntarily. Defendant correctly points out factors presented in other cases that factually are not present in this case. However, given that each case requires a totality of the circumstances analysis, the Magistrate Judge properly assessed the relevant factors.

## Conclusion

After conducting a *de novo* review of those portions of the R&R to which Defendants object and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct. Accordingly the Court **OVERRULES** Defendants' Objections [Docs. 53 and 54],

and **ADOPTS** the R&R [Doc. 49] as the Opinion and Order of this Court. The Court **DENIES** Defendants' motions to suppress evidence [Doc. 32] [Doc. 38], **DENIES AS ABANDONED** Defendants' motion to suppress search and seizure [Doc. 34], and **DENIES** Defendants' motion to sever [Doc. 31] with respect to overspill and prejudice, but **TAKES UNDER ADVISEMENT** Defendants' motion to sever [Doc. 31] with respect to Bruton,[2] for which a pretrial hearing will be scheduled if necessary.

As previously directed by the undersigned [Minute Order dated 01/07/2019], Defendants are to inform the Court by February 7, 2019, whether they intend to go to trial or resolve the case in some other manner.

**SO ORDERED**, this 31st day of January, 2019.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[2] Bruton v. United States, 391 U.S. 123 (1968).